THE PEOPLE ex rel. ORRIN W. SMITH, Appellant, v. THE BOARD OF TOWN AUDITORS OF THE TOWN OF DELHI, Respondent.

*Town auditors — allowance of claim — right to reconsider account.*

On the 7th of November, 1873, a claim of the plaintiff for $450 was presented to and audited by defendant. On the tenth of the same month, at another meeting of the board, the same members being present, it was unanimously voted that the bill be reduced to $200. On the same day the board adjourned, after making and signing a summary of accounts and certificate, including therein the relator's claim at $200. This summary and certificate were, on the 12th of November, 1873, recorded in the town clerk's office and delivered to the supervisors. *Held*, that the resolution of the board allowing the relator's claim at $200, with their action in making and signing the certificate required by law, in which the claim was included at that amount, must be taken as their allowance of the claim. (*People* v. *Stocking*, 50 Barb., 573.)

It is the final action of the board, which consists in making and signing a certificate, that terminates their right to reconsider and re-examine accounts.

Appeal from an order made at the Special Term refusing to grant a peremptory mandamus.

*O. W. Smith*, relator, in person. *F. Jacobs, Jr.*, for respondent.

Opinion by Learned, P. J.

Present — Learned, P. J., Boardman and James, JJ.

Order affirmed, with costs.

---

GEORGE W. THOMPSON, Respondent, v. HARVEY PINE, Appellant.

*Code, § 352 — power of County Court to strike out answer on appeal from Justice's Court.*

Although, under section 352 of the Code, making the right to a new trial depend on the amount of the claim of the parties, the defendant may take an undue advantage by setting up a claim fictitious in amount, yet the County Court has no right to strike out the answer, or a part of the answer, when the action has been tried in a Justice's Court. (*Fuller* v. *Brierley*, 36 How., 47.)

The pleadings must stand as they were in the court below, because upon them depend certain rights of the parties in the County Court.

APPEAL from an order of the County Court of Rensselaer county, striking out a counter-claim interposed by the defendant in this action, commenced in a Justice's Court.

*R. B. Stiles*, for appellant.    *Samuel Foster*, for respondent.

Opinion *per Curiam.*

Present — LEARNED, P. J., BOARDMAN and BOCKES, JJ.

Order reversed with ten dollars costs and printing disbursements, and motion denied with five dollars costs.

---

## MATHIAS M. DUNTZY, RESPONDENT, *v.* CORNELIUS VAN BUREN, APPELLANT.

*Evidence — Physical condition — opinion of witness.*

Upon the trial of this action, brought by the plaintiff to recover damages for an assault, his wife was asked: "Did your husband have a rupture before that night (the night of the assault)?" to which she answered, "No." She was then asked: "Has he one now?" to which she answered, "Yes." Defendant objected to both questions as calling for the opinion of the witness on a matter as to which it was not shown that she was competent to testify. *Held*, that the questions were properly allowed; that the question whether or not the plaintiff had a rupture was a fact not resting in opinion, nor did its determination necessarily involve a subject of skill or science.

APPEAL from a judgment in favor of the plaintiff, entered upon the verdict of a jury, and from an order denying a motion for a new trial made upon the ground of surprise and newly discovered evidence.

*O. M. Hungerford*, for appellant.    *J. H. Clute*, for respondent.

Opinion by BOCKES, J.    BOARDMAN, J., concurred.    LEARNED, P. J., took no part.

Judgment and order affirmed, with costs and printing disbursements.